### Missouri, Kansas & Texas Railway Company of Texas v. L. E. Bailey.

#### Decided March 22, 1902.

**1.—Railway Company—Negligence—Charge—Issue.**

Where the evidence in an action for personal injury by a railway brakeman raised the issue of negligence in failing to properly attach a stirrup to a car, the court properly refused to submit the issue as one of negligence in failing to provide a proper stirrup.

**2.—Same—Assumed Risk—Servant's Knowledge.**

A brakeman's knowledge that sometimes the stirrup to a car was secured by a bolt on which there was a single nut does not charge him with assumption of the risk of injury by reason of such defective fastening, since he may assume that the usual precautions have been taken to prevent the nut from coming off, and in the absence of knowledge that such precautions have been neglected, he does not assume the risk.

**3.—Same—Defective Appliance—Charge Not Applicable.**

A charge that the mere absence of the nut and giving way of the stirrup was not sufficient to show negligence was properly refused where the evidence was such as to sustain a finding of negligence in failing to use proper precaution to prevent the nut from coming off.

**4.—Same—Personal Injury—Immaterial Evidence.**

In an action of damages for personal injury, evidence that within a week after the injury plaintiff consulted counsel about bringing suit and then refused to talk with defendant's claim agent about a settlement, was immaterial and properly excluded.

**5.—Same—Pecuniary Aid by Counsel.**

Evidence to show that at the time plaintiff employed counsel they gave him money and agreed to advance him $40 a month as long as the suit was pending, was properly excluded as immaterial.

6.—Same.

Evidence that plaintiff had borrowed money and assigned his pay to secure it, and that the lender had said he was going to report the matter to the company, which would have caused plaintiff's discharge, were too remote to show a motive on plaintiff's part for feigning injury.

Appeal from Grayson.   Tried below before Hon. Rice Maxey.

*T. S. Miller* and *Head & Dillard,* for appellant.

*Wolfe, Hare & Semple,* for appellee.

RAINEY, CHIEF JUSTICE.—Suit for personal injuries.  Appellee, while in the performance of his duties as brakeman on a freight train of appellant, was standing on the stirrup attached to one of the cars, and used in getting on and off the car.   It was fastened to the car at one end with a screw and at the other end with a bolt and nut.   The nut worked off, which left the stirrup unsupported at one end, and when appellee went to get upon the car the stirrup slipped off the bolt, causing him to fall.   His foot caught; he was dragged some distance and injured as complained of.   Appellant was negligent in not having the stirrup securely fastened.   Appellee did not know of the defect nor was he guilty of contributory negligence.

The first assignment complains of the refusal of the court to give the following instruction requested by appellant, viz:  "Plaintiff assumed all such risks as were ordinarily attendant upon the business in which he was engaged, and if a step held in place by a bolt, in the manner provided as to the step from which he claims to have fallen, was a usual appliance in railroading, and one such as would be furnished in the exercise of ordinary care, plaintiff assumed all such risks as were ordinarily incident to the use of a step of this kind.   If from the bolt holding the step in place, in the operation of the train, the nut would sometimes work and come loose, plaintiff assumed such risk of the bolt working off as might be anticipated in such operation of the train, and if, without negligence upon the part of the defendant, the bolt did so work off and he was injured, he can not recover, and you will return a verdict for defendant."   It was not error to refuse this charge, as it was sufficiently covered by the main charge.   Besides, the evidence failed to raise the issue of failure to provide a proper appliance or stirrup, but the issue raised was as to the stirrup being properly attached to the car.   There was no testimony to show that other and different makes of stirrups were superior to the kind used, or that this pattern or make was not safe if properly attached.   The testimony also showed that the nuts will work off from the constant jars to which the cars are subjected, unless the threads on the bolt are cut or the bolt battered.   It also shows that the threads of the bolt in this case were not cut nor the bolt battered to prevent the nut from working off.   It was shown that this was the customary way to properly attach

the stirrups when a single nut was used, as in this case. Whether or not there was negligence in the failure to properly attach the stirrup was the issue, and this was properly presented by the court in its charge.

The second assignment complains of the refusal of the court to charge the jury as follows: "If you believe from the evidence that plaintiff knew that defendant sometimes secured its steps with a bolt upon which was a single nut, then you are instructed that he assumed all such risks as would be ordinarily attendant upon so securing the step." What we have said in relation to the first assignment applies here. Further, it would have been error to have told the jury that plaintiff assumed the risk if he knew that the step was secured by a bolt with a single nut, without regard to his knowledge of the failure of appellant to use proper precaution to prevent the nut from working off the bolt. He may have known that sometimes the step was secured by a bolt upon which was a single nut; still he had a right to assume that the usual and customary precaution had been used to prevent the nut from coming off. If he did not know that such precaution had not been used, then he did not assume the risk.

Appellant asked charges to the effect that the mere absence of the nut and giving way of the step was not sufficient to show negligence on the part of appellant. Whether or not such a charge is proper in any case it is not necessary to here decide. Railway v. Baker, 58 S. W. Rep., 964. Nor is it necessary to determine whether or not the rule "res ipsa loquitur" applies. The requested charge was not proper in this case, as there was sufficient evidence showing a failure to use proper precaution to prevent the nut from coming off upon which the jury could properly predicate their verdict of negligence, and the court placed the burden upon plaintiff to show that he was injured by the negligence of appellant.

Upon the trial appellant offered to prove that in less than a week after appellee got hurt he was consulting with lawyers about bringing suit. Also that one Given, appellant's claim agent, about a week after the accident went to plaintiff for the purpose of inquiring into the facts of his injuries, and, if there was any liability, seeing if he could effect a settlement with plaintiff, and that plaintiff stated to him that there was no use talking about a settlement, as he had already arranged to employ counsel and bring suit. All of the above evidence was objected to on the ground that it was immaterial to any issue in the case. The contention of appellant is that it was relevant on the "issue and claim made by defendant that plaintiff did not really receive any hurt, but he concocted and was carrying out a suit against the company when he had not received any real injuries." We are of the opinion that no error was committed in excluding the evidence, as it did not tend to show that plaintiff was not injured as claimed.

Appellant offered to prove by one Butts that he had loaned plaintiff $150; that it was past due and he was pressing plaintiff for payment.

It further offered to introduce in evidence a power of attorney which was given by plaintiff to said Butts, by which plaintiff had assigned to said Butts his pay as brakeman in the employment of defendant. It further offered to prove that when such assignments were made and notice was brought home to defendant railway company, it would not keep the employe who made such assignment in its employ. It further offered to prove that the pay day of plaintiff fell due on the 20th day of October, and that said Butts had told plaintiff, shortly prior to October 19th, he was going to report the fact of the assignment and power of attorney to the defendant railway. Appellant also offered to prove by plaintiff, after plaintiff had testified that he had done no work since he was injured, and was not able to do any, that at the time he employed counsel they gave him between fifty and one hundred dollars, and entered into a contract·with him that so long as the suit was pending they would advance him monthly the sum of $40. This testimony of both Butts and plaintiff was objected to because irrelevant, immaterial, and incompetent to establish any issue in the case, which objection was sustained. It is contended by appellant that the evidence was relevant to show a motive of the part of plaintiff to exaggerate his injuries when he was able to work, and in showing that plaintiff was not hurt, or if so, that it was far less than he claimed. We are unable to concur in appellant's contention. Whatever might be said from an ethical standpoint as to the propriety of attorneys pursuing such conduct as was offered to be proved, to our minds it is not inconsistent with the theory of plaintiff that he was injured, and, if injured, would not affect the right of recovery. It does tend to show that plaintiff was feigning. If he was hurt and unable to work the contract with the attorneys, if any, would be as effective as if he were not. Nor does such evidence tend to show a motive on the plaintiff's part to feign injury. If he was corrupt enough to be guilty of malingering, the anticipation of recovering a judgment against the railway company affords a sufficient incentive. Nor is the fact that he was indebted to the witness Butts, etc., inconsistent with his claim of being injured or show a motive for feigning injury. It might raise a slight suspicion to that effect, but so remote as to render the evidence incompetent.

After due consideration of all the circumstances in evidence, we have reached the conclusion that the court did not err in excluding the evidence as complained of. Finding no error in the action of the court, and the evidence being sufficient to support the verdict, the judgment is affirmed.

*Affirmed.*

Writ of error refused.